# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED <br> TRADES INDUSTRY PENSION FUND, *et. al.* <br><br> Plaintiffs, <br><br> v. <br><br> DAVANC CONTRACTING, INC. <br> d/b/a Davanc Contracting Inc. <br><br> and <br><br> CUMPLIDO PAINTING AND RENOVATIONS, INC. <br><br> and <br><br> CUMPLIDO INDUSTRIES INC. <br><br> and <br><br> WILLIAM M. CUMPLIDO, Individually and d/b/a <br> Davanc Contracting, Inc. d/b/a Davanc Contracting Inc. <br><br> and <br><br> MARTHA CUMPLIDO, Individually and d/b/a <br> Davanc Contracting, Inc. d/b/a Davanc Contracting Inc. <br><br> Defendants. | CIVIL ACTION <br> NO. 09-1797 (CKK) |

## ORDER AND JUDGMENT BY DEFAULT

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), Gary J. Meyers ("Meyers"), in his official capacity as a fiduciary, Political Action Together Fund ("PAT Fund") and the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI" and together with the Pension Fund, Meyers and the PAT Fund, "Plaintiffs"), it appearing to the Court that Defendants, Davanc Construction, Inc. d/b/a Davanc

Contracting Inc. ("Davanc"), Cumplido Painting and Renovations, Inc. ("Cumplido Painting"), Cumplido Industries, Inc. ("Cumplido Industries" and, together with Davanc and Cumplido Painting, "Companies"), William M. Cumplido individually and d/b/a Davanc Contracting, Inc. d/b/a Davanc Contracting Inc. ("W. Cumplido") and Martha Cumplido individually and d/b/a Davanc Contracting, Inc. d/b/a Davanc Contracting Inc., ("M. Cumplido" and, together with W. Cumplido, "Individual Defendants" and, together with Companies, "Defendants") were served with process on or about January 7, 2011 (Davanc) and on or about January 13, 2011 (all other Defendants) and they have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default of the Defendants having been entered, it is **ORDERED**:

1. Judgment by default in the amount of $634,297.39 is entered in favor of the Plaintiffs and against Defendants, jointly and severally, under the collective bargaining agreement and 29 U.S.C. §185.

2. Davanc, Cumplido Painting and Cumplido Industies are jointly and severally liable as alter egos, joint employers or a single employer, for Davanc's debt to Plaintiffs.

3. Individual Defendants breached their fiduciary duties to the Pension Fund and, therefore, William M. Cumplido individually and d/b/a Davanc Contracting, Inc. d/b/a Davanc Contracting Inc. and Martha Cumplido individually and d/b/a Davanc Contracting, Inc. d/b/a Davanc Contracting Inc., are jointly and severally liable for Davanc's debt to the Plaintiffs.

4. The principal contribution amounts and other amounts due Plaintiffs under the collective bargaining agreement and 29 U.S.C. §185 are as follows, exclusive of legal fees and costs:

| Fund | Contributions | Interest | Liquidated Damages | Audit Costs | Attorneys' Fees and Costs | TOTAL |
|---|---|---|---|---|---|---|
| Pension | $256,613.53 | $18,464.90 | $51,322.71 | $6,888.76 | $23,179.44 | **$356,469.34** |
| Annuity | $206,662.54 | $14,870.63 | $41,332.50 | $0.00 | $0.00 | **$262,865.67** |

| FTI   | $3,921.09    | $282.15    | $784.22    | $0.00     | $0.00       | $4,987.46    |
| ----- | ------------ | ---------- | ---------- | --------- | ----------- | ------------ |
| LMCI  | $3,921.09    | $282.15    | $784.22    | $0.00     | $0.00       | $4,987.46    |
| PAT   | $3,921.09    | $282.15    | $784.22    | $0.00     | $0.00       | $4,987.46    |
| TOTAL | *$475,039.34* | *$34,181.98* | *$95,007.87* | *$6,888.76* | *$23,179.44* | *$634,297.39* |

5. The judgment amount is the sum of the following amounts:

(a) Unpaid contributions under the collective bargaining agreement for the period January 1, 2006 through March 31, 2010 for Davanc and for the period January 1, 2006 through March 31, 2008 for Cumplido Painting, as set forth in Paragraph 4.

(b) Interest through February 15, 2011, calculated in accordance with 26 U.S.C. § 6621 from the date the contributions became due, as set forth in Paragraph 4.

(c) Liquidated damages as provided by the collective bargaining agreements and incorporated plan rules, as set forth in Paragraph 4.

(d) Audit costs as provided by the collective bargaining agreements and incorporated plan rules, as set forth in Paragraph 4.

(e) $23,179.44 incurred in connection with the prosecution of this matter through February 28, 2011 in accordance with the collective bargaining agreement.

(f) Post –judgment interest will continue to accrue at the rate prescribed by 28 U.S.C. §1961 on the contract claim and judgment.

6. Within twenty (20) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

7. Plaintiffs are awarded reimbursement of all additional reasonable attorneys' fees and costs they incur in the collection and enforcement of this Order and Judgment in accordance

with 29 U.S.C. §1132(g)(2)(D). The amount of such fees and costs that are in addition to those set out in ¶ 2(e) above may be determined by any court with jurisdiction of collection proceedings without reference back to this Court.

8. The Pension Fund, Annuity Plan, Pension Plan and FTI are also entitled to relief under 29 U.S.C. §1145, 1132(g) in the following amounts for contributions, interest, liquidated damages and attorney fees.

| Fund | Contributions | Interest | Liquidated Damages | Audit Costs | Attorneys' Fees and Costs | TOTAL |
|---|---|---|---|---|---|---|
| Pension | $256,613.53 | $18,464.90 | $51,322.71 | $6,888.76 | $23,179.44 | $356,469.34 |
| Annuity | $206,662.54 | $14,870.63 | $41,332.50 | $0.00 | $0.00 | $262,865.67 |
| FTI | $3,921.09 | $282.15 | $784.22 | $0.00 | $0.00 | $4,987.46 |
| TOTAL | *$467,197.16* | *$33,617.68* | *$93,439.43* | *$6,888.76* | *$23,179.44* | *$624,322.47* |

(a) The contributions relate to the period January 1, 2006 through March 31, 2010 for Davanc and for the period January 1, 2006 through March 31, 2008 for Cumplido Painting.

(b) Interest is calculated through February 15, 2011 at the plan rate, which matches the contract rate set forth above.

(c) Liquidated damages represent 20% of all late paid or delinquent contributions as set forth above.

(d) Audit costs as set forth above.

(d) Legal fees and costs are through February 28, 2011.

(e) The ERISA claim judgment amount is less than the amounts due under the collective bargaining agreement, but may be enforced and collected along with attorney fees and costs of collection, without duplication of recovery, in the event of any error or defect in the judgment entered in Paragraphs 2 to 5.

(f) Post-judgment interest on the ERISA claim is limited to the amounts provided by 28 U.S.C. §1961.

9. Individual Defendants shall be and hereby are restrained and enjoined:

(a) To render an accounting of Plan assets received and held by him and his earnings, profits or proceeds due the Plan or allow an audit by the Plan to prepare such an accounting;

(b) To comply with governing law and the terms of the Plaintiffs' plans of benefits with respect to the care and custody of Plan assets and accounting for the custody and earnings on Plan assets;

(c) To make good to the Plan any losses resulting from each breach of fiduciary duty and to restore to the Plan any profits which have been made through use of Plan assets by the fiduciary; and

(d) To correct any and all prohibited transactions;

10. This Default Judgment and Order is enforceable by the Plaintiffs individually, singly or jointly, or by their agent. Any plaintiff may collect the full amount of attorney fees and costs, except that there shall be no duplication of recovery and the collecting plaintiff shall instead be obligated to reimburse the other Plaintiffs without duplicate charges to Defendants.

11. Case is dismissed. This is a final appealable order.

BY THE COURT:

Date: 8/31/11

Colleen Kollar-Kotelly
United States District Judge

Copies of this Default Judgment shall be sent to:

KENT CPREK
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106-3683

Davanc Contracting, Inc.
d/b/a Davanc Contracting Inc.
241 Harrison Street
Pawtucket, RI 02860

Cumplido Painting and Renovations, Inc.
21 Bullock Street
Pawtucket, RI 02860

Cumplido Industries, Inc
21 Bullock Street
Pawtucket, RI 02860

William M. Cumplido
21 Bullock Street
Pawtucket, RI 02860

Martha Cumplido
21 Bullock Street
Pawtucket, RI 02860

338383-1