# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVANC CONTRACTING, INC., <br><br> Defendant. |

Civil Action No. 09-1797 (CKK)

## MEMORANDUM OPINION
(August 31, 2011)

This action is brought by Plaintiffs International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), Gary J. Meyers, in his official capacity as a fiduciary ("Meyers"), the Political Action Together Fund ("PAT Fund"), and the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (collectively, "Plaintiffs") against Defendants Davanc Contracting, Inc. d/b/a Davanc Contracting Inc. ("Davanc"), Cumplido Painting and Renovations, Inc. ("Cumplido Painting"), Cumplido Industries Inc. ("Cumplido Industries"), William M. Cumplido, and Martha Cumplido (collectively, "Defendants") for legal and equitable relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs seek to recover unpaid contributions, liquidated damages, interest and attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. § 1132(g)(2)(A)-(D) and a collective bargaining agreement entered under 29 U.S.C. § 185. Although properly and timely served with the Amended Complaint and Summons, Defendants failed to respond to the Complaint, and the Clerk of the Court, upon request by Plaintiffs, entered



default against Defendants on February 11, 2011. *See* Clerk's Entry of Default, Docket Nos. [19], [20]. Presently before the Court is Plaintiffs' [22] Motion for Judgment by Default; no opposition has been filed in response. Having thoroughly considered the Amended Complaint, Plaintiffs' submissions and attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiffs' [22] Motion for Default Judgment, for the reasons stated below.

## I. BACKGROUND

The Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5), and its Trustees are fiduciaries and plan administrators for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan"), both of which are multiemployer employee benefit pension plans. Am. Compl. ¶¶ 4-6. The Pension Fund and Meyers are also authorized collection agents for the PAT Fund and LMCI (the "Ancillary Funds"), as well as for FTI, another multiemployer employee benefit pension plan. *Id.* ¶¶ 8-12. The Pension Fund, the Pension Plan, the Annuity Plan, FTI, and as allowed by law, LMCI, are known as the "ERISA Funds," and, together with the LMCI and the PAT Fund, the "Funds." *Id.* ¶ 14. The Pension Fund and Meyers are suing on behalf of the Funds. *Id.* ¶ 13.

Defendant Davanc was a Rhode Island corporation prior to October 20, 2008, when the Rhode Island Secretary of State revoked Davanc's authority to transact business in that state. Am. Compl. ¶ 15. Since that time, William M. Cumplido has operated Davanc as an unincorporated sole proprietorship. *Id.* Defendants Cumplido Painting and Cumplido Industries are Rhode Island corporations that are alter egos of Davanc. *Id.* ¶¶ 16-17. Defendants William

M. Cumplido and Martha Cumplido are owners, officers, agents, or managing agents of Davanc, Cumplido Painting, and Cumplido Industries. *Id.* ¶¶ 18-19.

As set forth in the Amended Complaint, Plaintiffs assert that Davanc has entered into a collective bargaining agreement ("Labor Agreement") with the one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (collectively, the "Union"). *Id.* ¶ 20. Plaintiffs also allege that Davanc has agreed to abide by an Agreement and Declaration of Trust of the Fund ("Trust Agreement") as well as plan documents for the ERISA Funds. *Id.* ¶ 21. Under the Labor Agreement, the Trust Agreement, and the plan documents for the ERISA Funds, Davanc agreed to make certain contributions to the Funds based on Davanc's employees' work, file monthly remittance reports with the Funds detailing all employees' work for which contributions were required, produce records necessary to permit the Funds to conduct an audit, and pay certain costs associated with litigation if Davanc failed to comply with its obligations. *Id.* ¶ 22. Plaintiffs allege that Davanc has failed to make the required monthly payments for the period from January 2006 through the present and that Defendant has otherwise failed to report and remit contributions required under the agreements. *Id.* ¶¶ 27-50.

The Funds performed an audit of Davanc's books and records for the period beginning January 2006 to the present and discovered the existence of Cumplido Painting, a non-union company whose employees performed work and continue to perform work covered under Davanc's collective bargaining agreement. Am. Compl. ¶ 23. Further investigation revealed the existence of Cumplido Industries, which identifies its business purpose as "painting" in documents filed with the Rhode Island Secretary of State. *Id.* ¶ 24. Davanc, Cumplido Painting,

and Cumplido Industries share substantially identical officers and management, including William M. Cumplido, who is President of Davanc and Cumplido Industries and Vice President of Cumplido Painting; and Martha Cumplido, who is Davanc's registered agent and Cumplido Industries' Vice President. *Id.* ¶ 25(a). The three companies also have interchangeable business premises closely situated within approximately 300 feet of each other. *Id.* ¶ 25(b). The companies also share employees, equipment, and customers, and they have full awareness and knowledge of Davanc's unpaid obligations to the Funds. *Id.* ¶ 25(c)-(f). Both William M. Cumplido and Martha Cumplido had signing authority on Davanc's bank accounts and made decisions regarding the order in which Davanc issued payments to its creditors. *Id.* ¶ 26. Davanc used Cumplido Industries and Cumplido Painting to evade or avoid its obligations under the collective bargaining agreement. *Id.*

Pursuant to the terms of Davanc's agreements with the Funds, Plaintiffs assert that they are entitled to: a monetary award for violation of 29 U.S.C. § 1145 in the amount of the unpaid contributions to the ERISA Funds, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees (Count I); an audit of the records of Davanc, Cumplido Industries, and Cumplido Painting to determine the precise amounts owed (Count II); after an audit, a monetary award for violation of 29 U.S.C. § 1145 in the amount of the contributions found due and owing by the audit, together with late charges, interest, liquidated damages, costs, and fees (Count III); an injunction requiring Defendants to comply with the collective bargaining agreements with the Funds and requiring regular remittance reports (Count IV); a monetary award for breach of the Labor Agreement (and its incorporated agreements) in the amount of unpaid funds owed, including liquidated damages, interest and costs, and

reasonable attorneys' fees (Count V); a monetary award for breach of the Labor Agreement (and its incorporated agreements) for unpaid funds found due and owing by the audit (Count VI); monetary and injunctive relief, including an accounting for breach of fiduciary duty by William M. Cumplido and Martha Cumplido to the Pension Plan and Annuity Plan (Count VII); and a monetary award for any losses resulting from prohibited transactions made by William M. Cumplido and Martha Cumplido involving the Funds (Count IX[1]). Am. Compl. ¶¶ 27-65. Plaintiffs, in their instant motion, have moved for default judgment seeking: (1) a judgment in favor of Plaintiffs and against Defendants, jointly and severally, for $634,297.39, a sum known to be due and owing consisting of unpaid contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs; (2) an order declaring that Davanc, Cumplido Painting, and Cumplido Industries are jointly and severally liable as alter egos, joint employers or a single employer, for Davanc's debt to Plaintiffs; (3) an order declaring that William M. Cumplido and Martha Cumplido breached their fiduciary duties to the Pension Fund and therefore jointly and severally liable for Davanc's debt to Plaintiffs; (4) an order awarding post-judgment interest; (5) an order enjoining Defendants to complete and submit to the Funds any outstanding remittance reports; (6) an order enjoining William M. Cumplido and Martha Cumplido to provide an accounting of Pension Plan and Annuity Plan assets received and to restore any losses to these Plans and correct any prohibited transactions. *See* Pls.' Proposed Order.

Davanc was originally served with the Complaint and Summons on October 13, 2009, and it was subsequently served with the Amended Complaint on January 7, 2011. The remaining Defendants were served with the Amended Complaint and Summons on January 13, 2011.

---

[1] Plaintiffs' Amended Complaint does not include a "Count VIII."

Defendants failed to file an answer or otherwise respond to Plaintiffs' Amended Complaint, and Plaintiffs subsequently moved for entry of default. *See* Pls.' Request to Clerk to Enter Default, Docket No. [17]. On February 11, 2011, the Clerk of the Court entered default against Defendants. *See* Default, Docket Nos. [19]-[20]. Plaintiffs subsequently filed the instant [22] Motion for Judgment by Default. As of the date of this Memorandum Opinion, Defendants have neither entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC*, 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered Defendant's default, and the factual allegations in the Complaint are therefore taken as true. *See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The Court finds that Plaintiffs' Amended Complaint sufficiently alleges facts to support their

claims. Plaintiffs are thus entitled to default judgment as to Defendants' liability for their failure to timely pay contributions to the Funds, to supply records necessary to permit the Funds to determine if Defendants are making the payments as required under the terms of Labor Agreement, the Trust Agreement, the plan documents for the ERISA Funds, and other related agreements. Plaintiffs are also entitled to default judgment against Defendants William M. Cumplido and Martha Cumplido for breach of fiduciary duty.

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, the Court shall evaluate Plaintiffs' request for a judgment for damages based on the record they have provided the Court.

    *A.*    *Judgment for Damages*

Under Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of–

        (i) interest on the unpaid contributions; or

        (ii) liquidated damages provided for under the plan in an amount not in

> excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.* In addition to the remedies available under ERISA, a benefit trust fund may, as a third-party beneficiary, recover for breach of a collective bargaining agreement under 29 U.S.C. § 185(a). *See Hudson County Carpenters Union Local Union No. 6. v. V.S.R. Constr. Corp.*, 127 F. Supp. 2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § 515 and a violation of [29 U.S.C. § 185]."); *see also Bugher v. Feightner*, 722 F.2d 1356, 1357-60 (7th Cir. 1983) (explaining that ERISA remedies are intended to supplement rather than supersede rights existing under 29 U.S.C. § 185(a)).

Plaintiffs have provided the Court with affidavits to support a damages award of $624,332.47. Specifically, Plaintiffs contend that based on audit of Davanc for the period January 1, 2006 through March 31, 2010 and an audit of Cumplido Painting for the period January 1, 2008 through March 31, 2008, these companies owed $475,039.34 in contributions to the Funds. *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 9. Plaintiffs have calculated that these companies owe interest on the unpaid amounts through February 15, 2011, in the amount of $34,181.98, based on the amount of unpaid contributions and the

fluctuating IRS interest rate as provided in § 10 of the industry pension plan, which adopts the ERISA standard. *See id.* ERISA also provides that liquidated damages be awarded in the amount of 20% of unpaid contributions, which equals $95,007.87. *See id.* Plaintiffs also indicate that the audit cost $6,888.76 and that Article VI, Section 6 of the Trust Agreement provides for recovery of audit costs.

Plaintiffs also ask for attorneys' fees and expenses in the amount of $23,179.44. *See* Pls.' Mot. for J. by Default, Ex. 5 (Decl. of Jerome A. Flanagan) ¶ 2. Plaintiffs have attached supporting documentation showing that they have incurred $21,307.00 in attorneys' fees and $1,872.44 in expenses in litigating this action. *See* Pls.' Mot. for J. by Default, Ex. 6 (Time and Expense Details). This is based on 104.4 hours of attorney and paralegal time at rates of $220 per hour and $70 per hour, respectively, plus expenses for the filing fee, photocopies, legal research, and various other items. *See id.* Plaintiffs have provided documentation showing that these rates are reasonable for the services rendered. Accordingly, the Court shall award the attorneys' fees and costs requested. Thus, the total money judgment for Plaintiffs shall be $634,297.39.

  B. *Judgment for Equitable Relief*

Plaintiffs request judgment in the form of an order enjoining Defendants to complete and submit any outstanding remittance reports to the Funds along with corresponding contributions. Injunctive relief is permitted under ERISA "to enjoin a recalcitrant employer from failing to comply with the benefit payment provisions of a labor agreement." *Laborers Fringe Ben. Funds v. Nw. Concrete & Constr., Inc.*, 640 Fl.2d 1350, 1351-52 (6th Cir. 1981) (per curiam). Accordingly, the Court shall grant Plaintiffs' motion for this relief.

Plaintiffs also seek a judgment that Davanc, Cumplido Painting, and Cumplido Industries are alter egos that are jointly and severally liable for the debt to the Funds. "In the ERISA context, alter ego liability enables ERISA trustees to 'recover delinquent contributions from a sham entity used to circumvent the participating employer's pension obligations.'" *Flynn v. Veazey Constr. Corp.*, 424 F. Supp. 2d 24, 33 (D.D.C. 2006) (quoting *Flynn v. R.C. Tile*, 353 F.3d 953, 958 (D.C. Cir. 2004)). In order to determine whether businesses are alter egos, the courts evaluates the similarities between the enterprises in ownership, management, business purpose, operations, equipment, and customers. *Id.* According to the allegations in the Amended Complaint, which the Court accepts as true because Defendants are in default, the three companies have substantially identical officers and management, interchangeable business premises, shared employees, shared equipment, the same or similar type customers, and full awareness of the obligations to the Funds. Based on these facts, the Court finds that Davanc, Cumplido Painting, and Cumplido Industries are alter egos and are jointly and severally liable for the amounts owed by Davanc to the Funds.

Finally, Plaintiffs seek a judgment restraining and enjoining William M. Cumplido and Martha Cumplido: (a) to render an accounting of Plan assets received and held by them and their earnings, profits, or proceeds due the Plan or to allow an audit by the Plan to prepare such an accounting; (b) to comply with governing law and the terms of Plaintiffs' plans of benefits with respect to the care and custody of Plan assets and accounting for the custody of earnings on Plan assets; (c) to make good to the Plan any losses resulting from each breach of fiduciary duty and to restore to the Plan any profits which have been made through use of Plan assets by the fiduciary; and (d) to correct any and all prohibited transactions. Plaintiffs contend that such relief is

appropriate because the Cumplidos breached their fiduciary duties to the Funds. Under ERISA, a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management or disposition of its assets. 29 U.S.C. § 1002(21)(A)(i). Courts have recognized that unpaid contributions may be considered plan assets if they are defined as such in the plan agreements. *See, e.g., Galgay v. Gangloff*, 677 F. Supp. 295, 300-01 (M.D. Pa. 1987). Here, the Trust Agreement unambiguously provides that all employer contributions are plan assets from the date on which employees' hours worked or paid accrue. *See* Trust Agreement, Art. I, § 10. Plaintiffs have alleged that the Cumplidos exercised discretionary authority or control over the unpaid contributions and maintained authority over the defendant companies' bank accounts and payments to creditors. Therefore, the Court may hold them liable for breach of their fiduciary duties to the Funds.

### III. CONCLUSION

For the reasons set forth above, the Court shall GRANT the Plaintiffs' [22] Motion for Judgment by Default. The Court shall award damages in the amount of $634,297.39 and order other appropriate equitable and injunctive relief. An appropriate Order accompanies this Memorandum Opinion.

Date: August 31, 2011

/s/ COLLEEN KOLLAR-KOTELLY
COLLEEN KOLLAR-KOTELLY
United States District Judge